IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH SCRASE, | No. C 10-1767 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| JOSEPH READER, | |
| Defendant. | (Docket No. 2) |

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a plaintiff proceeding pro se. She has also applied for leave to proceed in forma pauperis.

Although the complaint relates to a conviction obtained in the California courts in 2002, plaintiff currently resides in Nevada and it appears from her complaint and application to proceed in forma pauperis that she is no longer incarcerated. As a consequence, she is not subject to the Prisoner Litigation Reform Act. *See* 28 U.S.C. 1915, 1915A.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff claims that defendant, an Assistant District Attorney, violated her constitutional rights while prosecuting her in state court criminal proceedings that led to her conviction and incarceration.  She indicates that numerous challenges to her conviction on direct and collateral appeal have failed.  She alleges that defendant violated her constitutional rights by suborning perjury and presenting other false evidence.

Defendant, as a state prosecuting attorney, enjoys absolute immunity from liability under 42 U.S.C. 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Even if plaintiff were suing defendant for merely administrative or investigative acts, for which defendant is entitled only to qualified immunity, *see Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), plaintiff's claims are nevertheless barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

In *Heck*, the United States Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Ibid.* A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Ibid.*

When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of her conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487. Plaintiff's claims that defendant violated her constitutional rights by suborning perjury and presenting false evidence would, if true, necessarily imply the invalidity of her conviction and sentence. As it is clear from the complaint that the conviction has not been invalidated, the complaint fails to state a cognizable claim under Section 1983 and must be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**. Good cause appearing, the application to proceed in forma pauperis (docket number 2) is **GRANTED.** The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May   6  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\SCRASE1767.DSM.wpd